**UNITED STATES of America,**

v.

**Jose BRITO, Appellant.**

No. 03–4298.

United States Court of Appeals, Third Circuit.

Submitted under Third Circuit LAR 34.1(a) Oct. 29, 2004.

Decided March 25, 2005.

---

1. We exercise appellate jurisdiction pursuant to 18 U.S.C. § 3742(a).

Mark S. Miller, Office of United States Attorney, Philadelphia, PA, for United States of America.

Jose L. Ongay, Philadelphia, PA, for Jose Brito.

Before SCIRICA, Chief Judge, and FISHER and GREENBERG, Circuit Judges.

## OPINION OF THE COURT

GREENBERG, Circuit Judge.

Appellant Jose Brito pleaded guilty to ten counts of a twelve-count indictment charging him with narcotics offenses involving possession and distribution of cocaine, cocaine base and heroin. In addition, the indictment charged him with two weapons offenses, but we are not concerned with them as the district court dismissed these two offenses on the government's motion. The district court sentenced Brito to a 235-month custodial term to be followed by a five-year term of supervised release and Brito appeals. The district court had jurisdiction pursuant to 18 U.S.C. § 3231 and we have jurisdiction under 28 U.S.C. §§ 1291 and 18 U.S.C. § 3742(a). Brito raises two issues on this appeal:

I. Whether the Court correctly increased the base offense level by two points pursuant to U.S.S.G. § 2D1.1(b)(1) for possession of a dangerous weapon while Appellant allegedly committed a violation of the Controlled Substances Act?

II. Whether trial counsel was ineffective for not litigating the motion to suppress the physical evidence found in 538 Walnut Street, Reading, PA.?

The government argues that we should deny Brito's ineffective assistance of counsel claim without review on the merits, but without prejudice to Brito being free to bring a collateral proceeding raising the claim under 28 U.S.C. § 2255. *See, e.g., United States v. Thornton,* 327 F.3d 268, 271 (3d Cir.2003). We agree with the government on this point and thus we do not consider the ineffective assistance of counsel claim. Moreover, we will not review Brito's sentencing contention as the district court should resentence Brito in accordance with *United States v. Booker,* 543 U.S. ——, 125 S.Ct. 738, 160 L.Ed.2d 621 (2005).

For the foregoing reasons the judgment of conviction and sentence entered October 28, 2003, will be affirmed with respect to the conviction but without prejudice to Brito bringing a proceeding under 28 U.S.C. § 2255 predicated on his claim that his trial attorney was ineffective. We, however, will vacate the sentence and will remand the case to the district court for resentencing.